IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARSHALL VAN REED, #167850, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:05-CV-554-F |
| | ) WO |
| | ) |
| RALPH HOOKS, et al., | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Marshall Van Reed, a state inmate, on April 13, 2005.[1] In this petition, Reed challenges a conviction for first degree burglary entered against him by the Circuit Court of Montgomery County, Alabama on August 2, 1996.[2]

---

[1] This habeas action was initially filed in the United States District Court for the Northern District of Alabama and subsequently transferred to this court. Although the transferring court stamped the petition "filed" on April 14, 2005, Reed executed the petition on April 13, 2005. A pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Reed] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court construes April 13, 2005 as the date of filing.

[2] The petitioner acknowledges that convictions of first degree rape and first degree robbery were also imposed upon him at this time. However, he challenges only the first degree burglary conviction in the present application for habeas corpus relief. Specifically, Reed argues that the trial court lacked "jurisdiction to adjudicate him guilty of first degree burglary because the indictment . . . failed to state an essential element of that offense. . . ." as it did not "set forth and define . . . 'the specific crime intended to be committed while unlawfully in the victim's dwelling.'" *Petition for Habeas Corpus Relief* at 5.

## DISCUSSION

A review of this court's records reveals that the petitioner filed a previous habeas petition pursuant to the provisions of 28 U.S.C. § 2254 challenging his 1996 conviction for first degree burglary. *Reed v. Dees, et al.*, Civil Action No. 2:00-CV-1125-D (M.D. Ala. 2000). In this prior habeas action, the court denied Reed relief from his conviction and the Eleventh Circuit Court of Appeals affirmed this decision. *Id*.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." It is clear from the pleadings and documents filed in this case that Reed has not received an order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. "Because this undertaking [is Reed's] second habeas corpus petition and because he had no permission from [the Eleventh Circuit] to file a second habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, the present petition for habeas corpus relief is due to be summarily dismissed. *Gilreath*, 273 F.3d at 934.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge

that:

    1. The 28 U.S.C. § 2254 petition for habeas corpus relief filed by filed by Marshall Van Reed on April 13, 2005 be DENIED.

    2. This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) as the petitioner has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive habeas application.[3]

    It is further

    ORDERED that the parties shall file objections to the Recommendation on or before June 29, 2005. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

    Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from

---

[3] The court notes that any § 2254 petition filed by the petitioner is likewise subject to the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1). Moreover, the court finds that there are no circumstances present in this case which "would entitle [petitioner] in the interest of justice to transfer [pursuant to 28 U.S.C. § 1631] or stay . . . because the limitations period had already expired before he filed" the instant habeas action. *Guenther v. Holt*, 173 F.3d 1328, 1330-1331 (11th Cir. 1999).

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 15th day of June, 2005.

/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE